MATTHEW L. SEROR (SBN: 235043)
mseror@buchalter.com
PHILIP L. NULUD (SBN: 245147)
pnulud@buchalter.com
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiffs
WILDFOX COUTURE, LLC
and WILDFOX RETAIL, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILDFOX COUTURE, LLC, a California limited liability company, WILDFOX RETAIL, LLC, and a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CAT COVEN, LLC, a New York limited liability company,<br><br>Defendant. | Case No. 2:16-cv-08429<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

Plaintiffs Wildfox Couture, LLC, and Wildfox Retail, LLC (collectively, "Wildfox"), by and through its attorneys, brings this action and alleges against defendant Cat Coven LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. This is an action seeking a declaratory judgment that (1) Defendant does not have copyright rights in the design at issue; (2) that Wildfox has not infringed upon any copyright rights of Defendant; (3) Defendant cannot institute or prosecute trademark infringement claims against Wildfox because Defendant is not

the legal or beneficial owner of any exclusive rights under trademark or trade dress; (4) that Wildfox has not infringed upon any trademark rights or trade dress rights (if any) of Defendant or engaged upon any acts of unfair competition. In letters sent on Defendant's behalf by his attorney, Defendant has alleged that Wildfox has infringed its purported rights in a piece of artwork and repeatedly threatened to commence litigation against both Wildfox and it customer for copyright infringement. Defendant's continued threats and allegations of infringement have harmed and will continue to harm Wildfox and its business. As such, Wildfox seeks redress from this Court to afford relief from Defendant's baseless and unfounded allegations.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; 28 U.S.C. §§ 1331 and 1338. The claims alleged herein arise under The Copyright Action of 1976, Title 17 U.S.C. § 101, *et seq.* and the Lanham Act 15 U.S.C. § 1051.

3. This Court has personal jurisdiction over Defendant because, by its business and actions against Wildfox in this district, as detailed herein, Defendant has expressly aimed its activities at this district, availing itself of this forum.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Wildfox claims occurred in this judicial district.

## THE PARTIES

5. Plaintiffs Wildfox Couture, LLC, and Wildfox Retail, LLC are related California limited liability companies with their principal place of business located at 10711 Walker Street, Cypress, California, 90630.

6. Wildfox is informed and believes, and on that basis alleges, that Defendant is a limited liability company with its principal place of business in the State of New York.

## FACTS

7. Wildfox designs, develops, sources, produces and distributes apparel. Wildfox sells the apparel it produces to retailers for ultimate sale to consumers.

8. In or about early 2016, Wildfox manufactured and sent samples of a t-shirt to one of its retail customers, namely, Dolls Kill, Inc. ("Dolls Kill"). Thereafter, Wildfox manufactured and shipped t-shirts to Dolls Kill. The t-shirt included an image of a cat's head on top of a star in a circle (the "Subject Garment").

9. On October 6, 2016, Defendant, through its attorneys, sent to Wildfox a cease-and-desist letter relating to the Subject Garment. In the letter, Defendant alleges that the Subject Garment (and specifically the image on the garment) infringes upon an image Defendant alleges it created. The cease-and-desist letter demands, among other things, that Wildfox cease sales of the Subject Garment and provide Defendant with an accounting of sales of the Subject Garment. A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit "A."**

10. Wildfox and Defendant attempted to resolve the matter through its respective attorneys.

11. On or about October 26, 2016, Defendant, through its attorneys, sent to Dolls Kills, a cease-and-desist letter relating to the Subject Garment. Defendant knew that Wildfox was the source of the Subject Garment and was in negotiations with Wildfox, yet it still sent the letter to the customer of Wildfox. In the letter, Defendant alleges that the Subject Garment (and specifically the image on the garment) infringes upon an image Defendant alleges to have created. The cease-and-desist letter demands, among other things, that Dolls Kill cease sales of the Subject Garment and provide Defendant with an accounting of sales of the Subject Garment. A true and correct copy of the cease-and-desist letter is attached hereto as **Exhibit "B."**

///

12. On or about November 1, 2016, and in response to Defendant's letter dated October 26, 2016, Dolls Kill sent to Wildfox a demand to defend and indemnify Dolls Kill for the claims alleged by Defendant.

13. The cease-and-desist letters (to both Wildfox and Dolls Kill) claim that the image is used as a logo and an identifier of source.

14. The cease-and-desist letters (to both Wildfox and Dolls Kill) are premised on the alleged infringement of Defendant's purported copyright rights, and an implicit threat of a trademark, trade dress or unfair competition claim relating to the image's use as a logo.

## COUNT I

### Declaratory Judgment That Defendant Is Not Entitled to Institute a Copyright Infringement Claim Against Wildfox

15. Wildfox repeats and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

16. Wildfox is informed and believes, and on that basis alleges, that as of the filing of this action, and at the time the alleged infringement took place, Defendant does not have copyright rights in the image which served as the basis for its-cease-and desist letters to Wildfox and Dolls Kill.

17. As a result of not having copyright rights in the image at issue, Defendant is not entitled to institute an action for infringement.

18. Despite not being entitled to institute an action for infringement, Defendant has sent the cease-and-desist letters wherein it threatens to institute an action for infringement.

19. In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Wildfox and Defendant is definite, immediate and substantial.

///

///

20. By this Complaint, Wildfox seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant is unable to institute or prosecute claims for the alleged infringement of the subject image.

21. Wildfox is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## COUNT II

### Declaratory Judgment of No Copyright Infringement

22. Wildfox repeats and incorporates by reference the allegations set forth in paragraphs 1 through 21 as though fully set forth herein.

23. Defendant has alleged in two cease-and-deist letters that the Subject Garment infringes upon its copyright rights.

24. The image on the Subject Garment does not infringe upon Defendant's rights in its image (if any).

25. The image on the Subject Garment is not substantially similar to the image which Defendant claims rights in.

26. An actual and justiciable controversy has arisen and now exists between Wildfox and Defendant concerning whether the Subject Garment infringes upon Defendant's rights (if any) and whether the image on the Subject Garment is substantially similar to the image Defendant claims rights in.

27. In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Wildfox and Defendant is definite, immediate and substantial.

28. By this Complaint, Wildfox seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Wildfox and Dolls Kill have not infringed upon the rights of Defendant related to the Subject Garment.

///

29. Wildfox is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## COUNT III

### Declaratory Judgment That Defendant Is Not Entitled to Institute a Trademark Infringement Claim Against Wildfox

30. Wildfox repeats and incorporates by reference the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31. Wildfox is informed and believes, and on that basis alleges, that as of the filing of this action, and at the time the alleged infringement took place, Defendant does not and did not have trademark or trade dress rights in the subject image.

32. As a result of not having trademark or trade dress rights in the subject image, Defendant is not entitled to institute an action for the infringement of trademark or trade dress rights.

33. Despite not being entitled to institute an action for the infringement of Trademark or trade dress rights, Defendant has sent the cease-and-desist letters to Wildfox and Dolls Kill wherein it threatens to institute an action for the infringement of a trademark.

34. In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Wildfox and Defendant is definite, immediate and substantial.

35. By this Complaint, Wildfox seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant is unable to institute or prosecute claims for infringement of trade dress right or trademark rights.

36. Wildfox is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and

afford relief from the uncertainty and harm that Defendant's allegations have caused.

## COUNT IV

### Declaratory Judgment of No Trademark Infringement or Unfair Competition

37. Wildfox repeats and incorporates by reference the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Defendant has alleged in two cease-and-desist letters that the Subject Garment infringes upon a trademark right or that Wildfox has engaged in acts of unfair competition.

39. Defendant has alleged that the Subject Garment infringes upon its trade dress and trademark rights and that the image on the Subject Garment is substantially similar to the image in which it claims it has purported trademark rights.

40. The image on the Subject Garment does not infringe upon Defendant's rights in its image (if any).

41. The image on the Subject Garment is not substantially similar to the image which Defendant claims rights in.

42. Wildfox has not committed any acts of unfair competition.

43. An actual and justiciable controversy has arisen and now exists between Wildfox and Defendant concerning whether the Subject Garment infringes upon Defendant's rights and whether Wildfox has engaged in any acts of unfair competition.

44. In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Wildfox and Defendant is definite, immediate and substantial.

45. By this Complaint, Wildfox seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Wildfox and Dolls Kill have not infringed upon the rights of Defendant related to the Subject Garment.

46. Wildfox is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## PRAYER FOR RELIEF

Therefore, Wildfox prays for declaratory judgment against Defendant that:

1. Defendant is unable to institute or prosecute claims for copyright infringement against Wildfox relating to the subject image;

2. The Subject Garment does not infringe upon any copyright rights (if any) of Defendant;

3. Defendant is unable to institute or prosecute claims for infringement of any trade dress or trademark rights that may arise from Defendant's image (if any);

4. The Subject Garment does not infringe upon any trade dress or trademark rights of Defendant and that Wildfox has not engaged in any acts of unfair competition; and

5. Such other relief as this Court deems just and proper.

Dated: November 11, 2016

BUCHALTER NEMER
A Professional Corporation

By:   /s/
MATTHEW L. SEROR
Attorneys for Plaintiffs
WILDFOX COUTURE, LLC and
WILDFOX RETAIL, LLC

## DEMAND FOR TRIAL BY JURY

Wildfox hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated: November 11, 2016

BUCHALTER NEMER
A Professional Corporation

By: _____/s/_____
MATTHEW L. SEROR
Attorneys for Plaintiffs
WILDFOX COUTURE, LLC and
WILDFOX RETAIL, LLC